**In re WILSON.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–40446.

Decided May 9, 1994.

*Roger L. Weaver,* for applicant Elisha Wilson.

*Lee Fisher,* Attorney General, for the state.

---

J. WARREN BETTIS, Judge.

This matter came on to be considered upon the Attorney General's appeal from the December 16, 1993 order issued by the panel of commissioners. The panel of commissioners reversed the decision of the single commissioner which had denied the applicant an award of reparations, finding that the applicant had engaged in criminal conduct, specifically arson, within ten years prior to the criminally injurious conduct, which would constitute a felony in Ohio. In addition, the panel found that neither the file nor argument presented documented that the applicant was a victim of criminally injurious conduct and referred the claim to the Attorney General for further investigation.

The assistant attorney general argued that this matter should be reversed and denied pursuant to R.C. 2743.60(E) because of a prior felony conviction in the state of California within ten years of the alleged criminally injurious conduct that gave rise to this claim. R.C. 2743.60(E) provides that:

"Neither a single commissioner nor a panel of commissioners shall make an award to a claimant who is a victim, or who claims an award of reparations through a victim, who, within ten years prior to the criminally injurious conduct that gave rise to the claim, was convicted of a felony or who is proved by a preponderance of the evidence presented to the commissioner or the panel to have engaged, within ten years prior to the criminally injurious conduct that gave rise to the claim, in conduct that, if proven by proof beyond a reasonable doubt, would constitute a felony under the laws of this state, another state, or the United States."

·A review of the file in this claim reveals that a copy of a bench warrant was presented to the court prior to decisions being rendered by the single commissioner and panel of commissioners that reveals the applicant was convicted of a felony in California during the year 1986. This warrant was issued by the Superior Court of California, County of Los Angeles, on June 3, 1986, to any "Sheriff, Constable, Marshal or Policeman in this State," for the failure of the applicant to appear for sentencing on his felony conviction.

At the hearing, counsel for the applicant requested a continuance of the matter, which was denied. The applicant then requested his attorney to proceed with argument regarding his case. Counsel for the applicant argued that the record from California may have been a misdemeanor and that the warrant does not appear to be certified.

The court finds the argument of the applicant to be without merit. Regardless of applicant's lengthy arrest record, it is evident to the court that he is not eligible for consideration of an award of reparations pursuant to R.C. 2743.60(E) because of his 1986 felony conviction in California.

Therefore, this court reverses the decision of the panel of commissioners and hereby denies applicant's claim.

*Claim denied.*

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.